**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

DUMEY GONALEZ-CRUZ, )
)
Petitioner, )
)
v. ) Case No. CIV-26-1571-PRW
)
TODD BLANCHE, *et al.*, )
)
Respondents. )

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. On August 31, 2026, Magistrate Judge Chris M. Stephens issued a Report and Recommendation (Dkt. 9) recommending that the Court grant in part Petitioner's request for habeas relief and order a bond hearing. The Report and Recommendation also recommends that the Court deny as moot Petitioner's Motion for Prompt Ruling (Dkt. 8).

The Report and Recommendation advised the parties of their right to object on or before September 8, 2026.[1] No party filed an objection to the Report and Recommendation. Because the Petition alleges—and Respondents do not dispute—that ICE arrested

[1] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

Petitioner within the interior United States, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), mandates that he is detained pursuant to § 1226(a).[2]

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. 10), **GRANTS** the Petition **IN PART** (Dkt. 1), and **DENIES** as moot Petitioner's Motion for Prompt Ruling (Dkt. 8) and Petitioner's Emergency Motion for Prompt Adoption of Report and Recommendation, Expedited Ruling, and Request for Immediate Release or Alternative Relief (Dkt. 10).

The Court **ORDERS** the United States to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[3] The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing. The Court **ORDERS** the United States to file a status report within ten days of this Order.

**IT IS SO ORDERED** this 28th day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[2] *Santillan Quiroz v. Mullin*, 180 F.4th at 1250–51.

[3] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.